UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SERVICIOS REFRIGERADOS INTERNACIONALES, S.A. DE C.V., <br><br> Defendant. | Case No.: 19-CV-283-CAB-BLM <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS** <br><br> [Doc. No. 7] |

This matter comes before the Court on Defendant's motion to dismiss the complaint for *forum non conveniens*. [Doc. No. 7.] The motion has been fully briefed and the Court finds it suitable for determination on the papers and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Defendant's motion to dismiss is granted.

## I. BACKGROUND

On February 7, 2019, Plaintiff Indemnity Insurance Company of North America, Inc., filed a complaint for subrogation against Defendant Servicios Refrigerados Internacionales, S.A. de C.V. [Doc. No. 1.] The complaint alleges causes of action for: (1) Negligence; (2) Bailment; and (3) liability under the Carmack Amendment, 49 U.S.C. § 14706. [*Id.* at 5–8.]

Plaintiff is a corporation organized and existing under the laws of Pennsylvania. [*Id.* at ¶ 1.[1]] Defendant is a Mexican corporation with its principal place of business in Mexico. [*Id.* at ¶ 2.] According to the complaint, on or about February 7, 2018, Plaintiff's insured, Driscoll's, loaded a cargo of berries onto a delivery truck provided by Defendant at Zapopan, Jalisco, Mexico, to be delivered to Watsonville, California. [*Id.* at ¶ 7.] Driscoll's contracted with Defendant for this carriage and delivery. [*Id.*] On or about February 8, 2018, while attempting to stop at a roadside check in Sonora, Mexico, Defendant's truck driver failed to stop and struck a retaining wall, damaging the cargo of berries beyond saleable use. [*Id.* at ¶ 8.] Upon Plaintiff's payment of the claim underlying Driscoll's loss, Plaintiff claims it is now fully subrogated to Driscoll's interest and brings this action against Defendant. [*Id.* at ¶ 17.] Plaintiff alleges that Defendant violated the terms of its carriage contract with Driscoll's and became liable for the damages caused. [*Id.* at ¶ 10.]

On April 2, 2019, Defendant moved to dismiss for *forum non conveniens*. [Doc. No. 7.] Plaintiff filed its opposition [Doc. No. 8] on April 23, 2019, and Defendant filed its reply [Doc. No. 9] on April 30, 2019.

## II. LEGAL STANDARD

The doctrine of *forum non conveniens* grants discretion to district courts to dismiss an action where "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). A plaintiff's choice of forum is generally entitled to deference, especially where the plaintiff is a United States

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

citizen or resident, because it is presumed a plaintiff will choose her "home forum." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). This deference is "far from absolute," however, and it is within the court's discretion to decide whether a foreign forum is more convenient. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991); *see also Piper Aircraft*, 454 U.S. at 255, n. 23 ("A citizen's forum choice should not be given dispositive weight.").

The presumption in favor of the plaintiff's choice of forum may be rebutted through a clear showing of facts that either: "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983).

### III. DISCUSSION

#### A. Carmack Amendment

Plaintiff's opposition primarily contends that Defendant's liability for the damage to the cargo is governed by the Carmack Amendment, 49 U.S.C. §14706, and thus Defendant's liability is to be determined under U.S. federal law, preventing transfer to a Mexican court. [Doc. No. 8 at 3–5.] Defendant contends the Carmack Amendment does not apply because it is silent as to shipments from a foreign country to the United States. [Doc. No. 9 at 3.] The Court first addresses whether the Carmack Amendment applies in this case.

The Carmack Amendment "codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964); *see* 49 U.S.C. § 14706. With respect to motor carriers, the Carmack Amendment applies to the extent the property is

3

19-CV-283-CAB-BLM

citizen or resident, because it is presumed a plaintiff will choose her "home forum." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). This deference is "far from absolute," however, and it is within the court's discretion to decide whether a foreign forum is more convenient. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991); *see also Piper Aircraft*, 454 U.S. at 255, n. 23 ("A citizen's forum choice should not be given dispositive weight.").

The presumption in favor of the plaintiff's choice of forum may be rebutted through a clear showing of facts that either: "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983).

### III. DISCUSSION

#### A. Carmack Amendment

Plaintiff's opposition primarily contends that Defendant's liability for the damage to the cargo is governed by the Carmack Amendment, 49 U.S.C. §14706, and thus Defendant's liability is to be determined under U.S. federal law, preventing transfer to a Mexican court. [Doc. No. 8 at 3–5.] Defendant contends the Carmack Amendment does not apply because it is silent as to shipments from a foreign country to the United States. [Doc. No. 9 at 3.] The Court first addresses whether the Carmack Amendment applies in this case.

The Carmack Amendment "codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964); *see* 49 U.S.C. § 14706. With respect to motor carriers, the Carmack Amendment applies to the extent the property is

citizen or resident, because it is presumed a plaintiff will choose her "home forum." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). This deference is "far from absolute," however, and it is within the court's discretion to decide whether a foreign forum is more convenient. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991); *see also Piper Aircraft*, 454 U.S. at 255, n. 23 ("A citizen's forum choice should not be given dispositive weight.").

The presumption in favor of the plaintiff's choice of forum may be rebutted through a clear showing of facts that either: "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983).

### III. DISCUSSION

#### A. Carmack Amendment

Plaintiff's opposition primarily contends that Defendant's liability for the damage to the cargo is governed by the Carmack Amendment, 49 U.S.C. §14706, and thus Defendant's liability is to be determined under U.S. federal law, preventing transfer to a Mexican court. [Doc. No. 8 at 3–5.] Defendant contends the Carmack Amendment does not apply because it is silent as to shipments from a foreign country to the United States. [Doc. No. 9 at 3.] The Court first addresses whether the Carmack Amendment applies in this case.

The Carmack Amendment "codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964); *see* 49 U.S.C. § 14706. With respect to motor carriers, the Carmack Amendment applies to the extent the property is

3

19-CV-283-CAB-BLM

transported between the points specified in 49 U.S.C. § 13501. With respect to a shipment involving a foreign country, the statute provides jurisdiction over motor carrier liability for transportation between "the United States and a place in a foreign country *to the extent the transportation is in the United States*." 49 U.S.C. § 13501(1)(E) (emphasis added).

In *Kawasaki Kisen Kaisha Limited v. Regal Beloit Corp.*, 561 U.S. 89 (2010), the Supreme Court held that "Carmack does not apply if the property is received at an *overseas* location under a through bill that covers the transport into an inland location in the United States." *Id.* at 103 (emphasis added). In such a case, there is no receiving carrier that "receives" the property "for [domestic] transportation." *Id.* However, the Court went on to note that this decision did not address "if Carmack applies to goods initially received in Canada or Mexico, for import into the United States." *Id.* The jurisdictional reach of the Carmack Amendment "is determined by reference to 49 U.S.C. § 13501." *Project Hope v. M/V Ibn Sina*, 250 F.3d 67, 74 (2nd Cir. 2001).

As noted above, U.S.C. § 13501(1)(E) specifically states, "to the extent the transportation is in the United States." Consequently, if the alleged loss or damage to the cargo occurred during the domestic leg of the transportation in the United States, the Carmack Amendment would apply. *See Reider v. Thompson*, 339 U.S. 113, 117 (1950) (holding that the foreign portion of the transport terminated at the United States border, but the domestic leg of the transport fell within the purview of the Carmack Amendment). Here, the alleged loss or damage occurred entirely in Mexico. [Doc. 7-4 at 22, 24.] The transport never made it out of Mexico, and therefore under U.S.C. § 13501(1)(E), there is no domestic leg of the journey that falls within the purview of the Carmack Amendment. Accordingly, the Carmack Amendment does not apply in this case.

**B. Adequate Alternative Forum**

An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy. *See Piper Aircraft*, 454 U.S. at 254, n. 22; *Leetsch v. Freedman*, 260 F.3d 1100, 1103 (9th Cir. 2001). It is only in "rare circumstances . . . where the remedy provided by the alternative forum . . . is so

clearly inadequate or unsatisfactory, that it is no remedy at all," that this requirement is not met. *Piper Aircraft*, 454 U.S. at 254, n. 22.

Here, Defendant has agreed to submit to the jurisdiction of a Mexican court, accept service of process issued by a Mexican court, and waive any defenses based on statute of limitations to facilitate the resolution of Plaintiff's claims. [Doc. No. 7-1 at 12, Doc. No. 7-3 at ¶¶ 3–5.] Furthermore, Defendant contends a Mexican court has jurisdiction because the incident giving rise to Plaintiff's claims occurred in Sonora, Mexico, the contract giving rise to Plaintiff's claims was entered in Mexico and is explicitly governed by Mexican law, and both Defendant and Driscoll's are incorporated in and principally located in Mexico.[2] Defendant also contends that the remedy sought by Plaintiff for the value of cargo is equally available in a Mexican court through tort or contract. Defendant attached a declaration from a Mexican attorney who has been practicing law in Mexico since 1978 involving similar disputes who states, "the issues of liability and damages arising from this incident can be fully adjudicated by the Mexican courts with the appropriate jurisdiction for this dispute being the State of Sonora where the alleged incident occurred." [Doc. No. 7-2 at ¶ 4.]

Plaintiff does not dispute that Defendant is amenable to service of process in Mexico but instead contends that Defendant's liability falls under the Carmack Amendment and U.S. federal law. As discussed above, the Carmack Amendment does not apply, and Plaintiff is not precluded from seeking a similar remedy in Mexican court for the value of the cargo. Accordingly, Mexico is an adequate alternative forum.

### C. Balance of Private and Public Interest Factors

The Court next addresses whether the private and public interest factors can rebut the presumption in favor of Plaintiff's choice of forum. At the outset, the Court notes that Plaintiff is not a California corporation, but rather a Pennsylvania corporation and therefore

---

[2] The contract attached to Defendant's motion at Exhibit 1 indicates that Driscoll's Operaciones, S.A. de C.V., a Mexican corporation, is the signatory to the contract with Defendant. [Doc. No. 7-4 at 21.]

Plaintiff's choice of forum, while still given deference, will not be absolute. Plaintiff also fails to divulge where Driscoll's is incorporated. It appears there is a Driscoll's U.S.A. as well as a Driscoll's Mexico. Defendant has shown that it contracted with Driscoll's Mexico. Even if Driscoll's U.S.A. is a California corporation, it was operating in Mexico through a Mexican corporation or subsidiary as Driscoll's Operaciones, S.A. de C.V. "In an era of increasing international commerce, parties who choose to engage in international transactions should know that when their foreign operations lead to litigation they cannot expect always to bring their foreign opponents into a United States forum when every reasonable consideration leads to the conclusion that the site of the litigation should be elsewhere." *Mizokami Bros. of Ariz., Inc. v. Baychem Corp.*, 556 F.2d 975, 978 (9th Cir. 1977), cert. denied, 434 U.S. 1035 (1978).

Private interest factors include "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive." *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995). Public interest factors include "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law." *Id.* at 703–04.

*1. Private Interest Factors*

As to the ease of access to sources of proof and availability of witnesses, Defendant contends that all the material witnesses are in Mexico, including Defendant, Driscoll's Mexico, Defendant's driver from the incident, percipient witnesses to the incident, the Mexican police who responded to the incident, witnesses related to the loading and disposition of the cargo, and witnesses to the contract between Plaintiff and Defendant. [Doc. No. 7-1 at 15.] Furthermore, Defendant contends that any third-party defendant who

may be liable under principles of contribution or indemnity is virtually guaranteed to be in Mexico and not subject to personal jurisdiction in California. [*Id.* at 16.] Plaintiff contends that the real issue in this case is the legal liability of a carrier whose U.S. headquarters is in San Diego which can only be established using testimony of witnesses residing within California. [Doc. No. 8 at 5.] Plaintiff also contends that Defendant's president and relevant witnesses concerning the establishment of the contract are in California and liability is not an issue so there are no relevant premises to review. [*Id.*] Defendant does not indicate that liability is not at issue, and its potential need for percipient witnesses to the incident or for seeking contribution from a third-party suggests otherwise.

The Court is not persuaded that because Defendant receives mail in San Diego or that its president executed her declaration in Chula Vista that this disqualifies the potential need for the numerous other material witnesses to the incident cited to by Defendant who are in Mexico.[3] Moreover, a corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum. *See Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371 (9th Cir. 1977). A Mexican court should have no issue haling into court the president of a Mexican corporation for testimony in Mexico as Plaintiff suggests. Plaintiff also does not oppose Defendant's contention that Driscoll's with whom Defendant contracted is a Mexican corporation or subsidiary. The Court does not find that addressing which documents cited to by Plaintiff and Defendant that are at issue in this case, if any, will be determinative of a different outcome and both parties appear in dispute on this issue.[4] Nevertheless, the Federal Motor Carrier Safety Administration document Plaintiff cites to indicates Defendant's business address is in Mexico, and the Regulation for Transport Providers document is signed by an entity Defendant is not affiliated with. [Doc. No. 8-2 at 2; Doc. No. 8-4 at 4.]

---

[3] The Federal Motor Carrier Safety Administration document attached as Exhibit 1 to Plaintiff's opposition lists Defendant's business address at: Transportistas Num 407, Leon, GJ 37290. [Doc. No. 8-2 at 2.]

[4] Accordingly, Defendant's objection to evidence [Doc. No. 9-2] is denied as moot.

As to enforceability of judgment, Defendant contends that Plaintiff can seek to enforce a Mexican judgment in the United States. Plaintiff contends the proper standard under this element is whether Defendant has assets which would satisfy a Mexican judgment but offers no legal authority on this point. Defendant has not disclosed any information establishing assets to satisfy a judgment. Defendant's contentions that Plaintiff would have no difficulty enforcing a Mexican judgment in the United States does not compel the Court to presume Defendant does or does not have sufficient assets. Therefore, this factor does not favor either side.

Although the mere fact that this case involves conduct that occurred outside this forum is not enough for dismissal, the fact that all relevant conduct took place in Mexico bolsters the Court's confidence that key witnesses and physical evidence are in Mexico. *See Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 659 (9th Cir. 2009) (holding that dismissal for *forum non conveniens* was appropriate where plaintiff was a resident of the forum state, but all alleged conduct took place in Mexico); *see also Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1451 (9th Cir. 1990) (affirming the District Court's dismissal for *forum non conveniens* where plaintiff was an American corporation, but evidence and witnesses were located in the Philippines).

Accordingly, considering the location of the evidence on liability issues, the inherent difficulty of bringing hostile witnesses before the U.S. courts, and the potential inability to implead third-party defendants, the balance of private interest factors weighs in favor of dismissal.

    *2. Public Interest Factors*

Plaintiff has offered no argument that the public interest factors weigh against dismissal and no opposition to Defendant's contentions that they weigh in favor of dismissal. Defendant contends that the time and resources this Court would spend on this case are better spent elsewhere as this case belongs in Mexico. "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The Court agrees that

reasonable steps to reduce court congestion should be taken and this case should properly be handled at its origin in Mexico. The Court cannot justify burdening California jurors to try a case that has little to nothing to do with California.

With respect to the local interest factor Defendant contends that California and the U.S. have little, if any, local interest in deciding this matter compared to Mexico. The local interest factor looks to whether there is "an identifiable local interest" in this forum. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006). The interest of the foreign forum can also be relevant. *See Loya*, 583 F.3d at 665 (affirming a decision that found that Mexico's interest in a case outweighed the forum state's interest). While California and the U.S. have an interest in providing its corporations a proper forum to resolve liability disputes, that interest is weakened here where Plaintiff is not a California corporation and Driscoll's is a multinational corporation which was operating in Mexico and contracted with Defendant which is a Mexican corporation. The subject incident took place in Mexico and material proof and witnesses regarding liability are mostly, if not all, in Mexico. As discussed above, there is little to no connection with the subject incident and California and either parties' principal place of business. Therefore, the local interest factor weighs in favor of litigating this case in Mexico.

As to the familiarity with the governing law factor, Defendant contends that the contract which forms the basis of Plaintiff's complaint calls for application of Mexican law, and even if it did not a Mexican court analyzing this matter would still apply Mexican law. [Doc. No. 7-1 at 20.] The Ninth Circuit has held that "[b]efore dismissing a case for *forum non conveniens*, a district court must first make a choice of law determination." *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1482 (9th Cir. 1987), amended on other grounds by 861 F.2d 565 (9th Cir. 1988). However, the choice of law analysis is only determinative when the case involves a United States statute requiring venue in the United States. *See Creative Tech.*, 61 F.3d at 700. Where no such law is implicated, the choice of law determination is given much less deference on a *forum non conveniens* inquiry. Since "there is no arguably applicable law that would end the *forum non conveniens* inquiry [in

9

this case], . . . no potentially dispositive choice of law determination need have been made." *See Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1092 (9th Cir. 1998) ("This case does not implicate any United States law which mandates venue in the United States district courts. Consequently, the applicability of United States law to the various causes of action 'should ordinarily not be given conclusive or even substantive weight.'") (quoting *Piper Aircraft*, 454 U.S. at 247). The Court discussed above that the Carmack Amendment does not apply here, which was Plaintiff's primary opposition. Plaintiff's other claims do not mandate venue in the United States and therefore a dispositive choice of law determination need not be made here.

After considering the private and public interest factors discussed above, and in light of Plaintiff's failure to offer any opposition to the public interest factors, the Court is persuaded that these factors support dismissing this matter because Mexico is the more appropriate forum and any convenience to Plaintiff's choice of forum here is slight or nonexistent.

**IV.  CONCLUSION**

Based on the above, the Court **GRANTS** Defendant's motion to dismiss for *forum non conveniens* and Plaintiff's complaint is **DISMISSED**.

It is **SO ORDERED**.

Dated:  May 28, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge